FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

MAY 16 2016

MATTHEW J. DYKMAN
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JAMES WILSON,

    Plaintiff,

vs.     No. CV 16-00328 MCA/GBW

COUNTY OF LEA,

    Defendant.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

THIS MATTER is before the Court *sua sponte* under 28 U.S.C. § 1915(e)(2)(B) on the Federal Civil Lawsuit Complaint filed by Plaintiff James Wilson (Doc. 1, 6, 12). The Court will dismiss Wilson's Complaint for failure to state a claim and as frivolous and malicious under § 1915(e)(2)(B). Also before the Court are Wilson's third Motion to Appoint Counsel filed May 4, 2016 (Doc. 14) and three Motions to Proceed in Forma Pauperis (Doc. 2, 7, 13) which the Court will deny in light of the Court's dismissal of Wilson's Complaint.

### *Dismissals for Failure to State a Claim*

Plaintiff Wilson is proceeding pro se and seeks to proceed *in forma pauperis*. The Court has the discretion to dismiss an *in forma pauperis* complaint *sua sponte* for failure to state a claim upon which relief may be granted under either Fed. R. Civ. P. 12(b)(6) or 28 U.S.C. § 1915(e)(2)(B). Under Fed. R. Civ. P. 12(b)(6) the Court must accept all well-pled factual allegations, but not conclusory, unsupported allegations, and may not consider matters outside the pleading. *Twombly*, 550 U.S. at 555; *Dunn v. White,* 880 F.2d 1188, 1190 (10th Cir. 1989). The court may dismiss a complaint under rule 12(b)(6) for failure to state a claim if "it is

1

'patently obvious' that the plaintiff could not prevail on the facts alleged." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991) (quoting *McKinney v. Oklahoma Dep't of Human Services,* 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Twombly,* 550 U.S. at 570. A claim should be dismissed where it is legally or factually insufficient to state a plausible claim for relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

Under § 1915(e)(2)(B) the Court may dismiss the complaint at any time if the Court determines the action fails to state a claim for relief or is frivolous or malicious. 28 U.S.C. § 915(e)(2)(B)(2). The authority granted by § 1915 permits the court the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Neitzke v. Williams,* 490 U.S. 319, 327 (1989). *See also Hall v. Bellmon,* 935 F.2d 1106, 1109 (10th Cir.1991). The authority to "pierce the veil of the complaint's factual allegations" means that a court is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's allegations. *Denton v. Hernandez,* 504 U.S. 25, 32-33 (1992). The Court is not required to accept the truth of the plaintiff's allegations but, instead, may go beyond the pleadings and consider any other materials filed by the parties, as well as court proceedings subject to judicial notice. *Denton,* 504 U.S. at 32-33.

In reviewing a pro se complaint, the Court liberally construes the factual allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992). However, a pro se plaintiff's pleadings are judged by the same legal standards that apply to all litigants and a pro se plaintiff must abide by the applicable rules of court. *Ogden v. San Juan County,* 32 F.3d 452, 455 (10th Cir. 1994). The Court is not obligated to craft legal theories for the plaintiff or to supply factual

allegations to support the plaintiff's claims. Nor may the Court assume the role of advocate for the pro se litigant. *Hall v. Bellmon,* 935 F.2d at 1110.

In deciding whether to dismiss the complaint, in whole or in part, the Court is to consider whether to allow plaintiff an opportunity to amend the complaint. Pro se plaintiffs should be given a reasonable opportunity to remedy defects in their pleadings. *Reynoldson v. Shillinger,* 907 F.2d 124, 126 (10th Cir. 1990). The opportunity to amend should be granted unless amendment would be futile. *Hall v. Bellmon,* 935 F.2d at 1109. An amendment is futile if the amended claims would also be subject to immediate dismissal under the rule 12(b)(6) or § 1915(e)(2)(B) standards. *Bradley v. Val-Mejias,* 379 F.3d 892, 901 (10th Cir. 2004).

### *Analysis of Wilson's Claims*

Wilson has filed multiple actions in this Court relating to his criminal prosecutions in the New Mexico state courts. The Court will review the sufficiency of Wilson's Complaint under the 28 U.S.C. § 1915(e)(2)(B) standard, taking notice of the state court record filed as part of other cases initiated by Wilson in this Court. *Denton,* 504 U.S. at 32-33.

Wilson has attempted to file three separate complaints against the County of Lea. (Doc. 1 filed April 22, 2016; Doc. 6 filed April 27, 2016; and Doc. 12 filed May 4, 2016). Because all three of his complaints name the County of Lea as the sole defendant and arise out of the same nucleus of fact, Wilson may not split his cause of action by filing separate lawsuits. *Baltimore Steamship Company v. Phillips,* 274 U.S. 316, 325 (1927); *United States v. Sinclair Refining,* 126 F.2d 827, 831 (10th Cir. 1942) (a plaintiff cannot split up his claim or demand and prosecute it in piecemeal fashion by separate suits). Instead, the Court will treat all three filings as the operative Complaint in this case.

In addition to this case, over the past eight months, Wilson has filed five cases relating to his state court criminal proceedings: *Wilson v. Scramlin,* CV 15-00867 WJ/GBW (civil rights action against the prosecutor); *Wilson v. Barnes,* CV 15-00884 JB/GJF (civil rights action against his caseworker and records clerks); *Wilson v. Hatch,* CV 15-00989 WJ/LF (habeas corpus petition); *Wilson v. Cerha,* CV 15-01016 KG/CG (civil rights action against his probation officer), and *Wilson v. Ireland,* No. CV 15-00998 MV/LF (civil rights proceeding against the office administrator of a branch of the New Mexico Office of the Public Defender).

In CV 15-00989, a proceeding under 28 U.S.C. § 2254, the New Mexico Attorney General has filed portions of the records of several state court criminal proceedings against Wilson, including records from D-506-CR-2010-00213, D-506-CR-2011-00271, D-506-CR-2011-00272, and D-506-CR 2011-00324. (*See* CV 15-00989 Doc. 18, 18-1, 18-2, 18-3, 18-4, 18-5, and 18-6). The state court record reflects that, in 2011, Wilson pled guilty or no contest in several state court criminal proceedings to crimes including third-degree assault with intent to commit a violent felony, fourth-degree aggravated fleeing from a law enforcement officer, assault on a peace officer, resisting arrest, and aggravated DUI. (CV 15-00989 Doc. 18-2 at 7-13). The state court suspended most of his prison time and ordered him to serve probation. (CV 15-00989 Doc. 18-2 at 26-31). On August 29, 2012, Wilson was charged with having absconded and the State of New Mexico filed a petition to have his probation revoked. (CV 15-00989 Doc. 18-2 at 35-41). Following a hearing in April 2013, the state court revoked his probation and imposed a term of imprisonment. (CV 15-00989 Doc. 18 at 2-3; Doc. 18-2 at 46-50). Wilson then filed a Notice of Appeal, appealing the order revoking probation and imposing a sentence of imprisonment to the New Mexico Court of Appeals, which affirmed the revocation on December

3, 2013. Certiorari was denied by the New Mexico Supreme Court on January 8, 2014. (CV 15-00989 Doc. 18 at 9; Doc. 18-2 at 57-58).

Wilson's Complaint fails to state a claim on which relief can be granted against Lea County for multiple reasons. First, Wilson improperly identifies the Defendant as "County of Lea." (Doc. 1). However, suit may not be brought naming the "County of Lea." Instead, suit must be brought against the Board of County Commissioners of Lea County. *See* N.M.Stat.Ann. § 4-46-1 (1978). The Complaint fails to state a claim for relief because the "County of Lea" is not properly named as a defendant.

Second, Wilson claims he is suing the County of Lea because it "is the entity responsible for prosecuting probation revokations (sic) at all times relevant to this Complaint. . ." (Doc. 1 at 1, ¶ 5; *see also* Doc. 6 at 2, ¶ 5; Doc. 12 at 1, ¶ 5). However, the records in his state criminal proceedings clearly establish that the State of New Mexico is the prosecuting entity for Wilson's probation revocation, not the County of Lea. (*See* CV 15-00989 WJ/LF, Doc. 18-1 at 9-39).

In order to state a § 1983 claim for relief, a plaintiff must allege some personal involvement by an identified official in the alleged constitutional violation. *Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir. 2008). To succeed under 42 U.S.C. § 1983, a plaintiff must assert acts by government officials acting under color of law that result in a deprivation of rights secured by the United States Constitution. 42 U.S.C. § 1983; *West v. Atkins*, 487 U.S. 42, 48 (1988). There must be a connection between official conduct and violation of a constitutional right. Conduct that is not connected to a constitutional violation is not actionable under Section 1983. *See Trask v. Franco*, 446 F.3d 1036, 1046 (10th Cir. 1998). The only connection Lea County appears to have to the probation revocation proceedings is that Wilson committed crimes that led to his probation revocation in the County of Lea and the State of New Mexico

Fifth Judicial District Court is physically located in Lea County. (See CV 15-00989 WJ/LF, Doc. 18-1 at 18-28). That connection is wholly insufficient to state any claim for relief against the County of Lea.

Wilson's claims against Defendant County of Lea are also barred under *Heck v. Humphry,* 512 U.S. 477, 487 (1994). In *Heck*, the Supreme Court addressed the question of when a prisoner may bring a § 1983 claim relating to his conviction or sentence. The Court held that when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed. *Heck,* 512 U.S. at 487. The *Heck* doctrine also applies without respect to whether the relief sought is in the form of damages or equitable declaratory or injunctive relief. *Wilkinson v. Dotson,* 544 U.S. 74, 81–82 (2005). If success in the action would necessarily demonstrate the invalidity of the sentence or conviction, the claim is barred by *Heck. See Harris v. Fulwood,* 611 Fed.App'x 1, 2 (D.C. Cir. 2015).

The essence of Wilson's claims against Lea County is that his probation was improperly revoked in state cases D-506-CR-2010-00213, D-506-CR-2011-00272, and D-506-CR-2011-00324 in violation of Fifth and Eighth Amendment rights. (*See* Doc. 1 at 2-3; Doc. 6 at 2-3; Doc. 12 at 2-3). A favorable ruling on Wilson's claims would require treating his probation revocation as invalid. Therefore, the Complaint also must be dismissed under the *Heck* doctrine. *See, Crow v. Penry,* 102 F.3d 1086, 1097 (10th Cir. 1996); *Beck v. City of Muskogee Police Dept.,* 195 F.3d 553, 556–57 (10th Cir.1999).

The Court will dismiss Wilson's Complaint without leave to amend because the Court determines that amendment of the Complaint would be futile. *Hall v. Bellmon,* 935 F.2d at 1109. Wilson's issues with his probation revocation will never state a civil rights cause of action

against the County of Lea. The Court also finds the claims asserted by Wilson are frivolous and malicious under 28 U.S.C. § 1915(e)(2). The factual allegations are clearly baseless. A complaint plainly abusive of the judicial process is properly typed frivolous and malicious within the context of section 1915(e)(2)(B)(i). *See Duhart v. Carlson,* 469 F.2d 471, 477-78 (10th Cir. 1972); *Olson v. Coleman,* 997 F.2d 726, 728-29 (10th Cir. 1993).

Because the Court concludes that Wilson's Complaint fails to state a claim for relief and is frivolous and malicious under § 1915(e)(2)(B), the Court will impose a strike against him as provided in the "three strikes" rule of the Prisoner Litigation Reform Act (PLRA). 28 U.S.C. § 1915(g). The Court reminds Wilson that if he accrues three strikes, he may not proceed *in forma pauperis* in civil actions before federal courts unless he is under imminent danger of serious physical injury. § 1915(g).

Last, as set out, above, this is the sixth proceeding Wilson has filed in this Court relating to his conviction, sentencing, and probation revocation in State of New Mexico criminal case nos. D-506-CR-2010-00213, D-506-CR-2011-00271, D-506-CR-2011-00272, and D-506-CR-2011-00234. The majority of these cases have already been terminated against Wilson and it is likely that any further claims would be barred by the statute of limitations. See *Varnell v. Dora Consol. Sch. Dist.,* 756 F.3d 1208, 1212 (10th Cir. 2014). Wilson's continued filing of meritless claims arising out of his state court criminal proceedings constitutes an abusive pattern of litigation and the Court will impose filing restrictions. *DePineda v. Hemphill,* 34 F.3d 946, 948-49 (10th Cir. 1994). Wilson may not initiate any further lawsuits in federal court arising out of his conviction, sentencing, or probation revocation in State of New Mexico criminal case nos. D-506-CR-2010-00213, D-506-CR-2011-00271, D-506-CR-2011-00272, and D-506-CR-2011-00234 without prior permission from the Court or representation by admitted counsel.

**IT IS ORDERED:**

(1) The Complaint filed by Plaintiff James Wilson (Doc. 1, 6, 12) is **DISMISSED** with prejudice for failure to state a claim on which relief can be granted and as frivolous and malicious under 28 U.S.C. § 1915(e)(2)(B);

(2) Wilson's third Motion to Appoint Counsel filed May 4, 2016 (Doc. 14) and three Motions to Proceed in Forma Pauperis (Doc. 2, 7, 13) are **DENIED** in light of the Court's dismissal of his Complaint;

(3) the Court imposes a **STRIKE** against Wilson under 28 U.S.C. § 1915(g); and

(4) the Court imposes **FILING RESTRICTIONS** against Wilson. Wilson is prohibited from initiating further litigation in this Court arising out of his conviction, sentencing, or probation revocation in State of New Mexico criminal cases nos. D-506-CR-2010-00213, D-506-CR-2011-00271, D-506-CR-2011-00272, and D-506-CR-2011-00234, and the Clerk is directed to return without filing any initial pleading the he submits, unless either a licensed attorney who is admitted to practice before this Court signs the pleading or Wilson first obtains permission to proceed *pro se* from the Court. To obtain permission to proceed *pro se,* Wilson must submit a petition to the Clerk of the Court seeking leave to file a *pro se* initial pleading, attaching a copy of the proposed complaint to the petition and a notarized affidavit certifying that, to the best of Plaintiff's knowledge, his claims are not frivolous or made in bad faith, they are warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and the new suit is not initiated for any improper purpose such as delay or needless increase in the cost of litigation. The Clerk will be directed to forward the petition to the Chief Magistrate Judge for determination of whether to permit filing of the *pro se* original proceeding. Without the Chief Magistrate Judge's approval and the concurrence of a District Judge, the Clerk will be

directed to return the petition without filing. If the Chief Magistrate Judge and a District Judge approve the filing, an order will be entered directing the Clerk to file the petition.

_____    5-16-16
UNITED STATES DISTRICT JUDGE